# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02468-WYD

ROCKY MOUNTAIN WILD;
NATIONAL PARKS CONSERVATION ASSOCIATION;
CENTER FOR BIOLOGICAL DIVERSITY; and
WILDEARTH GUARDIANS,

      Plaintiffs,

v.

RYAN ZINKE, in his official capacity as Secretary of the Interior; and
BUREAU OF LAND MANAGEMENT,

      Defendants.

_____

## DEFENDANTS' RESPONSE TO COMPLAINT
_____

      Defendants hereby respond to the allegations of Plaintiffs' Complaint, *see* ECF No. 1,

filed on September 27, 2018.  In accordance with paragraph 3(C) of the Parties' November 28,

2018 Joint Case Management Plan, *see* ECF No. 12, Defendants are not required to respond to

paragraphs preceding the three causes of action and prayer for relief.  Defendants hereby respond

to Plaintiffs' claims for relief, as enumerated in paragraphs 174 through 202.

174.    The allegations in paragraph 174 require no response since they merely incorporate by

reference Plaintiffs' allegations in paragraphs 1- 173, to which no response is required.

175.    The allegations in paragraph 175 purport to characterize the National Environmental

Policy Act ("NEPA") and one of its implementing regulations, which speak for themselves and

provide the best evidence of their contents. Any allegations contrary to their plain meaning,

language and context are denied.

176.     The allegations in paragraph 176 purport to characterize NEPA's implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

177.     The allegations in paragraph 177 purport to characterize NEPA's implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

178.     The allegations in the first and second sentences of paragraph 178 purport to characterize NEPA's implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. The allegations in the third sentence constitute legal conclusions to which no response is required.

179.     The allegations in paragraph 179 constitute legal conclusions to which no response is required, and purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

180.     The allegations in the first and second sentences of paragraph 180 purport to characterize NEPA's implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. The allegations in the third sentence constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations.

181.     Defendants deny the allegations in paragraph 181.

182.    Defendants admit that the Bureau of Land Management ("BLM") prepared a

Determination of NEPA Adequacy ("DNA") for the June 2018 Colorado lease sale which

offered for lease sixty-two parcels, totaling approximately 55,810 acres, but deny the remaining

allegations in the first sentence of paragraph 182. Defendants deny the allegations in the second,

third and fourth sentences.

183.    Defendants admit that BLM prepared an environmental assessment (EA) for the

December 2017 Vernal Field Office lease sale which offered for lease fifty-nine parcels located

in the Uinta Basin, totaling approximately 61,910.92 acres, but deny the remaining allegations in

the first sentence of paragraph 183. Defendants deny the allegations in the second and third

sentences.

184.    Defendants admit that BLM prepared a DNA for the June 2018 Vernal Field Office lease

sale of eight parcels, but deny the remaining allegations in the first sentence of paragraph 184.

Defendants deny the allegations in the second and third sentences.

185.    Defendants incorporate by reference their responses above.

186.    The allegations in paragraph 186 purport to characterize NEPA, which speaks for itself

and provides the best evidence of its contents. Any allegations contrary to its plain meaning,

language and context are denied.

187.     The allegations in paragraph 187 purport to characterize one of NEPA's implementing

regulations, which speaks for itself and provides the best evidence of its contents. Any

allegations contrary to its plain meaning, language and context are denied.

188.    The allegations in paragraph 188 purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

189.    Defendants deny the allegations in paragraph 189.

190.    The allegations in the first sentence of paragraph 190 purport to characterize the DNA for the June 2018 Colorado lease sale, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied. The allegations in the second sentence constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations.

191.    The allegations in the first and second sentences of paragraph 191 are vague and are therefore denied, and purport to characterize the EA for the December 2017 Vernal Field Office lease sale, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied. Defendants deny the allegations in the third sentence.

192.    Defendants incorporate by reference their responses above.

193.    The allegations in paragraph 193 purport to characterize the Federal Land Policy Management Act ("FLPMA"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

194.    The allegations in paragraph 194 purport to characterize FLPMA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

195.    The allegations in paragraph 195 purport to characterize FLPMA and one of its implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

196.    The allegations in paragraph 196 purport to characterize the 2008 Vernal Field Office Resource Management Plan, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

197.    Defendants deny the allegations in paragraph 197.

198.    Defendants admit the allegations in the first sentence of paragraph 198 that in 2011, BLM prepared a model of air quality impacts of oil and gas development in the Uinta Basin. The allegations in the second sentence are vague and Defendants lack knowledge or information sufficient to form a belief as to their truth. To the extent that a response is required, Defendants deny the allegations.

199.    Defendants deny the allegations in the first sentence of paragraph 199 that BLM leased fifty-nine parcels in its December 2017 Vernal Field Office lease sale, and aver that BLM issued leases for fifty-one parcels following bids received at the lease sale. Defendants admit the remaining allegations in the first sentence of paragraph 199. The allegations in the second sentence are denied as vague and speculative.

200.    Defendants deny the allegations in the first sentence of paragraph 200.  Defendants deny the allegations in the second sentence as vague, and to the extent that they purport to characterize the decision records for the December 2017 and June 2018 Vernal Field Office lease sales, those documents speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

201.    The allegations in the first sentence of paragraph 201 constitute legal conclusions to which no response is required. Defendants deny the allegations in the second sentence. Defendants deny the allegations in the third sentence as vague, and to the extent that they purport to characterize the decision records for the December 2017 and June 2018 Vernal Field Office lease sales, those documents speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

202.    Defendants deny the allegations in paragraph 202.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent that a response may be deemed required, Defendants deny that Plaintiffs are entitled to the relief sought or to any form of relief.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein, and deny that their decision-making was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## AFFIRMATIVE DEFENSES

1. One or more of Plaintiffs' causes of action fail to state a claim upon which relief may be granted.

2. Plaintiffs may lack standing.

3. This Court may lack subject-matter jurisdiction to review some or all of Plaintiffs' claims.

Respectfully submitted this 30th day of November, 2018.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

/s/ Michelle-Ann C. Williams
MICHELLE-ANN C. WILLIAMS
Trial Attorney (MD Bar)
Natural Resources Section
P.O. Box 7611, Washington, D.C. 20044
202-305-0420 || 202-305-0506 (fax)
michelle-ann.williams@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that service of the foregoing DEFENDANTS' RESPONSE TO COMPLAINT

was made through the Court's electronic filing and notice system (CM/ECF) on November 30,

2018.

/s/ Michelle-Ann C. Williams
MICHELLE-ANN C. WILLIAMS
*Counsel for Defendants*